**Opinion filed March 31, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-16-00357-CV

_____

# IN THE INTEREST OF K.M.W.H. AND B.J.T.H., JR., CHILDREN

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. C46436**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order in which the trial court terminated the parental rights of the mother and the father of K.M.W.H. and B.J.T.H., Jr. Each parent filed a notice of appeal. The mother has now filed a motion to dismiss her appeal, and the father's court-appointed attorney has filed an *Anders* brief. We dismiss the appeal.

In her motion to dismiss, the mother states that the parties have reached an agreement regarding the termination of her parental rights and that "this appeal is no

longer necessary." The mother requests that we dismiss her appeal. *See* TEX. R. APP. P. 42.1(a)(1).

The father's court-appointed counsel has filed a motion to withdraw and a supporting brief in which he professionally and conscientiously examines the record and applicable law and concludes that the appeal is frivolous and presents no arguable issues of merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008); *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. [Panel Op.] 1978). In light of a recent holding by the Texas Supreme Court, however, an *Anders* motion to withdraw "may be premature" if filed in the court of appeals under the circumstances presented in this case. *See In re P.M.*, No. 15-0171, 2016 WL 1274748, at *3 (Tex. Apr. 1, 2016). The court in *P.M.* stated that "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.*

The father's counsel provided the father with a copy of the brief, the motion to withdraw, and an explanatory letter. Counsel also informed the father of his right to review the record and file a pro se response to counsel's brief. In compliance with *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014), counsel provided the father with a prepared motion to file in this court to obtain pro se access to the appellate record. We conclude that the father's counsel has satisfied his duties under *Anders*, *Schulman*, and *Kelly*. We note that Appellant did not file in this court the motion for pro se access to the appellate record. Nor did the father file a pro se response to counsel's *Anders* brief.

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the father's appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. However, in light

of *P.M.*, we deny the motion to withdraw that was filed by the father's court-appointed counsel. *See P.M.*, 2016 WL 1274748, at *3.

We grant the mother's motion to dismiss, deny the motion to withdraw filed by the father's counsel, and dismiss the appeal in its entirety.

PER CURIAM

March 31, 2017

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

3